UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Huling,

                      Plaintiff,                          17 Civ. 7962 (PMH) (AEK)

    -against-                                  **ORDER**

Commissioner of Social Security,

                     Defendant.
----------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On May 10, 2021, this Court issued an order directing the Plaintiff to submit a letter either requesting remand of her case to the Social Security Administration ("SSA") for a new hearing before a constitutionally appointed ALJ different from the ALJ who previously heard and adjudicated Plaintiff's claim for benefits, or notifying the Court that Plaintiff does not request remand. *See* ECF No. 18. A copy of the May 10, 2021 order is attached to this order as Exhibit A. Plaintiff's deadline to submit this letter was June 1, 2021. Plaintiff did not submit a written response to the May 10, 2021 order.

On June 8, 2021, counsel for the Commissioner of Social Security ("Defendant") wrote to the Court in response to the May 10, 2021 order. *See* ECF No. 20. In that letter, counsel noted that she had, as directed in the May 10, 2021 order, engaged in a meet-and-confer discussion with Plaintiff, and that "Plaintiff indicated that she took no position as to whether she wanted remand." *Id.* As a result, Defendant also "does not take any position as to whether this case should be remanded pursuant to the Supreme Court's holding in *Carr*." *Id.*

The purpose of the May 10, 2021 order was to promote efficiency and judicial economy, and create procedural certainty, by enabling the parties to specifically communicate to the Court how they wished to proceed. Unfortunately, the ambiguity of Plaintiff's response to the May 10, 2021

order only created more confusion. It is worth noting that the Court issued nearly identical versions of the May 10, 2021 order to parties in 21 other cases that presented the same set of procedural issues. In 17 of those 21 cases, the plaintiffs requested that their matters be remanded to the SSA for further proceedings; of these 17 plaintiffs, 15 were represented by counsel, and two were representing themselves *pro se*. In 3 of the 21 cases, counsel for plaintiffs requested that the matters proceed in federal court without remand. In one such case, the plaintiff is now deceased, and therefore did not respond to the order. Furthermore, in all 17 of the cases where the plaintiffs requested that their matters be remanded to the SSA, the Commissioner consented to the remand.

The Court will give the parties one additional opportunity to express clear preferences as to how this case should proceed. Accordingly, by no later than **August 23, 2021**, Plaintiff must report to the Court by letter whether she would prefer to have the case remanded to the SSA for further proceedings or whether she would prefer for the case to proceed in federal court at this time. Counsel for the Commissioner is directed to submit a letter setting forth Defendant's position on or before August 30, 2021. **If the parties do not express clear preferences by these deadlines, the Court will understand that to mean that they do not object to having this case remanded to the SSA, and the Court will act accordingly.**

The parties are directed to meet and confer regarding this order and the parties' responses at some point before Plaintiff's August 23, 2021 deadline.

The Clerk of the Court is respectfully requested to mail a copy of this order to the *pro se* Plaintiff.

Dated: August 9, 2021
      White Plains, New York

                                              **SO ORDERED.**

                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Huling,

                     Plaintiff,                              17 Civ. 7962 (PMH) (AEK)

    -against-                                     **ORDER**

Commissioner of Social Security,

                     Defendant.
------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On April 22, 2021, the Supreme Court issued its decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021). The *Carr* Court held that applicants for Social Security disability benefits who had hearings conducted, and/or decisions issued, by an administrative law judge ("ALJ") whose appointment was not in accordance with the Appointments Clause of the U.S. Constitution were not required to administratively exhaust their Appointments Clause challenges during proceedings before the Social Security Administration before raising such challenges for the first time in federal court. Here, Plaintiff's ALJ hearing was conducted, and the ALJ's decision was issued, before the ALJ's appointment was ratified by the Acting Commissioner of Social Security in July 2018. To date, Plaintiff has not raised an Appointments Clause challenge in this federal court proceeding.

In light of the *Carr* decision, and to promote efficiency and judicial economy, the parties are directed to meet and confer regarding whether this case should to be remanded to the Commissioner for a new hearing before a constitutionally appointed ALJ different from the ALJ who previously heard and adjudicated Plaintiff's claim for benefits. On or before June 1, 2021, Plaintiff must submit a letter of no longer than five pages setting forth whether or not Plaintiff

believes this case should be remanded at this time. Plaintiff must submit a letter either requesting remand (along with any legal argument in support of that position) or notifying the Court that Plaintiff does not request remand. If necessary, on or before June 8, 2021, Defendant may submit a letter of no more than five pages in response.

Should Plaintiff elect not to request a remand on the Appointments Clause issue at this stage, this may constitute a waiver of the Appointments Clause challenge in all further proceedings, including appeals. A decision not to request a remand will not prejudice the Plaintiff in any way before this Court, nor will it affect the timing of this Court's decision on the pending motions in this matter should the case remain in federal court.

Chambers staff will mail a copy of this order, along with a copy of the *Carr v. Saul* decision, to the *pro se* Plaintiff.

Dated: May 10, 2021
       White Plains, New York

                                   **SO ORDERED.**

                                   _____
                                   ANDREW E. KRAUSE
                                   United States Magistrate Judge

# EXHIBIT B

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

June 8, 2021

BY ECF
Honorable Andrew E. Krause
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    Tiffany C. Huling v. Commissioner of Social Security
              17 Civ. 7962 (PMH) (AEK)

Dear Judge Krause:

      This Office represents the Commissioner of Social Security, defendant in this action. Pursuant to the Court's Order of May 10, 2021, the parties were to meet and confer with regard to whether this case should be remanded in light of the U.S. Supreme Court's holding in *Carr v. Saul,* 593 U.S. ---, 141 S.Ct. 1352 (2021), after which plaintiff was directed to submit a letter by June 1, 2021, requesting remand or stating that remand was not requested; and defendant is to submit a letter in response, if necessary, by today, June 8, 2021. To comply with the Court's Order to meet and confer, I attempted to contact plaintiff by telephone but was not successful until today. During our telephone conversation, I explained to plaintiff the contents of the Court's Order and that she was asked to decide whether she wanted to request remand of her case. Plaintiff indicated that she took no position as to whether she wanted remand. In response, defendant does not take any position as to whether this case should be remanded pursuant to the Supreme Court's holding in *Carr*.

      Thank you for your consideration of this matter.

                                          Respectfully,

                                          AUDREY STRAUSS
                                          United States Attorney
                                    By: */s/ Susan Branagan*
                                          SUSAN C. BRANAGAN
                                          Assistant United States Attorney
                                          Telephone: (212) 637-2804

cc:    Tiffany Huling, *pro se* (via Fedex)